FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 23 2010

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEANA MYRICK and <br> BRUCE MYRICK ) <br>   ) <br> Plaintiffs, ) <br>   ) <br> v. ) <br>   ) <br> CITIMORTGAGE, INC. ) <br>   ) <br> Defendant. ) | CIVIL ACTION <br> FILE NO. 1:10.CV-1940-HTW |

## COMPLAINT FOR DAMAGES

**NOW COMES PLAINTIFFS** DEANA MYRICK and BRUCE MYRICK ("Plaintiffs") by and through her undersigned counsel and makes and files this Complaint against Defendant CITIMORTGAGE, INC. ("Defendant") and hereby petitions this Honorable Court for damages and other relief, as follows:

### PARTIES AND VENUE

1.

Defendant CITIMORTGAGE, INC. is a for-profit corporation licensed and authorized to conduct business in the state of Georgia. Defendant may be served with the Summons and Complaint to its registered agent CT CORPORATION SYSTEMS, 1201 PEACHTREE STREET, ATLANTA, GEORGIA 30361.

Defendant is subject to the jurisdiction of this Court, and venue is proper in this Court.

2.

Plaintiffs are residents of Virginia. They are the owners of the subject real property located at 404 OLD SEDLEY ROAD, FRANKLIN, VIRGINIA, 23851 ("Subject Property").

## COUNT I-PROMISSORY ESTOPPEL

3.

Plaintiffs hereby incorporate by reference the above paragraphs of its Complaint as if same were fully set forth at length herein.

4.

Defendant's conduct, words, acts and/or omissions, as more fully described above, caused Plaintiffs to reasonably, justifiably, and detrimentally rely, upon a promise that Defendant would not proceed with foreclosure of real property located in Southampton County.

5.

These words, conduct, acts and/or omissions were intended to induce the Plaintiffs to enter into a contract for the postponement of foreclosure and not to

exercise other readily available options, remedies or methods to postpone, challenge, dispute, and/or cure the foreclosure of said real property.

**6.**

Defendant's failure to postpone the foreclosure has cost Plaintiffs in excess of $1 million in damages as a direct result of Plaintiffs' detrimental reliance on the Defendant's promise.

## COUNT III-NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

**7.**

Plaintiffs hereby incorporate by reference the above paragraphs of its Complaint as if same were fully set forth at length herein.

**8.**

Plaintiffs have suffered emotional and mental distress from the above-described acts and/or omissions and/or breaches of the Defendants, said damages being reasonably foreseeable consequences of Defendants' acts and/or omissions and/or breaches.

## COUNT IV-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**9.**

Plaintiffs hereby incorporate by reference the above paragraphs of its Complaint as if same were fully set forth at length herein.

**10.**

Plaintiffs have suffered emotional and mental distress from the above-described intentional and deliberant acts and/or omissions and/or breaches of Defendant, said damages being reasonably foreseeable consequences of Defendant's acts and/or omissions and/or breaches.

## COUNT V-WRONGFUL FORECLOSURE

**11.**

Plaintiffs hereby incorporate by reference the above paragraphs of its Complaint as if same were fully set forth at length herein.

**12.**

Prior to sale executed on April 14, 2010, Plaintiffs filed a Ch. 7 Bankruptcy in the U.S. Bankruptcy Court of the Eastern District of Virginia.

**13.**

In violation of the automatic stay granted under 11 U.S.C.A. § 362

11 U.S.C.A. § 362 (West), Defendant exercised power of sale allowed under Virginia law to foreclose on the aforementioned Subject Property.

**14.**

Defendant's failure to conduct such sale in a manner required by law has

caused actual damage to the Plaintiffs in excess of $1 million.

**WHEREFORE**, Plaintiffs pray for the following relief:

A. As to Count I, compensatory damages in an amount to be determined at time of trial, attorney's fees and cost or specific performance under the terms of the contract and the foreclosure be set aside;
B. As to Count II, compensatory and punitive damages in an amount to be determined at time of trial, attorney's fees and cost or specific performance under the terms of the agreement and the foreclosure be set aside;
C. As to Count III, that the Court enter a judgment in favor of Plaintiffs enforcing the mutually agreed upon agreement and demand Defendants set aside the foreclosure that occurred.
D. As to Count IV, that the Court enter a judgment in favor of Plaintiffs enforcing the mutually agreed upon agreement and demand Defendant set aside the foreclosure that occurred.
E. As to Count V, compensatory and punitive damages in an amount to be determined at time of trial, attorney's fees and cost;
F. For other and further relief as Plaintiffs may be entitled as provided under Virginia law
G. That Plaintiffs have such other and further relief as is just and proper.

This 16th day of June, 2010.

Respectfully submitted,

GRADY A. ROBERTS
Georgia Bar No. 609540
Attorney for Plaintiffs

**ROBERTS LAW, LLC**
191 Peachtree Street, N.E., Suite 3300
Atlanta, Georgia 30303
Phone: (404) 794-7000
Facsimile: (404) 794-7001